T.C. Memo. 2003-166

UNITED STATES TAX COURT

LAURA L. BROOKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8833-01.                    Filed June 5, 2003.

Laura L. Brooks, pro se.

<u>Stephen R. Takeuchi</u> and <u>Michael Pesavento</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice of deficiency dated April 13, 2001, respondent determined a $3,526 deficiency relating to petitioner's 1997 tax year.  The issue for decision is whether petitioner is entitled to relief from joint and several liability

pursuant to section 6015(b), (c), or (f).[1]  Petitioner does not otherwise contest respondent's deficiency determination.

### FINDINGS OF FACT

Petitioner and Ronald Tice were married from 1994 to 1998. Petitioner was responsible for the household finances.  During their marriage, Mr. Tice was verbally abusive towards petitioner, and on several occasions, including one in 1997, petitioner obtained a protective order against Mr. Tice.

During 1997, petitioner was a medical assistant for Dr. William Fleming, and Mr. Tice performed services for Prestige Home Centers, Inc. (Prestige), Kelly Services, Inc. (Kelly), and T.D.I., Inc. (TDI).

In 1996, Mr. Tice began driving rental trucks from Florida to other States (e.g., New York and Michigan) for TDI and informed petitioner of his pay rate of 19 cents per mile.  Mr. Tice was away from home 3 weeks each month he worked for TDI and would inform petitioner of his whereabouts en route or when he arrived at his destination.  Petitioner was aware of the approximate amount of Mr. Tice's weekly income from TDI.

Petitioner believed Mr. Tice's truck driving required him to spend too much time away from home.  In response, Mr. Tice promised that he would stop working for TDI.  Despite Mr. Tice's

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

driving for TDI for 6 or 7 months in 1997, at the time their 1997 joint Federal income tax return (the joint return) was filed, petitioner knew only that he worked at least 3 months for TDI during that year.

In 1997, petitioner and Mr. Tice began experiencing serious marital difficulties. On January 26, 1998, petitioner prepared the joint return and attached Forms W-2, Wage and Tax Statement, from Prestige and Kelly. When petitioner asked Mr. Tice for a Form W-2 from TDI, Mr. Tice told her that he would "take care of it".

A Form 1099 was not sent to petitioner's residence, and the joint return did not include compensation TDI paid to Mr. Tice. In 1999, respondent notified petitioner of proposed changes to the joint return relating to Mr. Tice's compensation from TDI (i.e., $9,133) and a resulting disallowance of the claimed earned income tax credit (i.e., $961). Petitioner subsequently filed a Form 8857, Request for Innocent Spouse Relief, in which she contended that, at the time the return was filed, she was not aware that Mr. Tice had self-employment income from TDI.

By letter dated February 8, 2000, respondent notified Mr. Tice of petitioner's contention that she should be relieved from joint and several liability pursuant to section 6015 (section 6015 relief). In his response dated February 15, 2000, Mr. Tice contended that petitioner was not entitled to section 6015 relief.

On September 18, 2000, respondent determined petitioner was not entitled to section 6015 relief because she had actual knowledge of the income that caused the understatement of tax, and it would not be inequitable to hold petitioner liable for the tax. By notice dated September 25, 2000, respondent informed petitioner of his determination.

On July 12, 2001, petitioner, while residing in Silver Springs, Florida, filed her petition with this Court, in which she contends that she is entitled to section 6015 relief. On September 10, 2001, respondent gave notice of petitioner's contention to Mr. Tice.

OPINION

Respondent contends that petitioner is not entitled to section 6015 relief because she knew the nature of Mr. Tice's work with TDI, the amount he was paid, and that such compensation was not reported on their joint return. Respondent contends that, but for the omission of income relating to TDI, petitioner and Mr. Tice would not have qualified for a $961 earned income credit.

Generally, taxpayers filing joint Federal income tax returns are jointly and severally liable for all taxes due. Sec. 6013(d)(3). In limited situations, however, taxpayers may be relieved of joint liability. Sec. 6015. Petitioner is not entitled to relief pursuant to section 6015(b) or (c), if she had

actual knowledge of the item giving rise to the omitted income. E.g., Jonson v. Commissioner, 118 T.C. 106, 115 (2002); Cheshire v. Commissioner, 115 T.C. 183 (2000), affd. 282 F.3d 326 (5th Cir. 2002); see also Charlton v. Commissioner, 114 T.C. 333 (2000); sec. 1.6015-3(c), (d)(3), Income Tax Regs. Petitioner, who prepared and filed the joint return, omitted Mr. Tice's income relating to TDI. She knew Mr. Tice's compensation rate during the period he worked for TDI. Thus, petitioner had actual knowledge of 50 percent of the item of income giving rise to the deficiency. See sec. 1.6015-3(c)(4), Example (4)(ii), Income Tax Regs. Accordingly, pursuant to section 6015(b) and (c), petitioner is not relieved of liability for the tax deficiency attributable to 50 percent of the omitted income.

Pursuant to section 6015(f), respondent is granted discretion to award relief from joint and several liability where such relief is otherwise unavailable pursuant to section 6015(b) or (c) if the facts and circumstances indicate that it would be inequitable to hold the spouse seeking relief liable for the deficiency. We conclude that it would not be inequitable to hold petitioner liable for the remaining portion of the deficiency (i.e., the portion attributable to 50 percent of the omitted income). She knew of 50 percent of the omitted income and failed to establish economic hardship or that Mr. Tice had the legal obligation to pay the additional tax liability. See Rev. Proc.

2000-15, 2000-1 C.B. 447.  In addition, petitioner did not establish that she had not benefited from the TDI income or the earned income credit refund.  Accordingly, respondent's denial of relief pursuant to section 6015(f) was not an abuse of discretion.  See <u>Butler v. Commissioner</u>, 114 T.C. 276 (2000).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.